UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br>    Plaintiff,<br><br>v.<br><br>LARRY W. MOBLEY, and DEFIANCE ENERGY SERVICES LLC<br><br>    Defendants. | Civil Action No. 5:23-cv-1378 |

## COMPLAINT and DEMAND FOR JURY TRIAL

Union Pacific Railroad Company ("Union Pacific") brings these claims against Defendants Larry W. Mobley ("Mobley") and Defiance Energy Services, LLC ("Defiance") for damages incurred due to a collision between a tractor-trailer and a train that occurred in DeSoto Parish, Louisiana. Union Pacific will show the Court the following:

### PARTIES

1. Union Pacific is a common carrier by rail and incorporated under the laws of Delaware with its principal place of business located at 1400 Douglas Street, Omaha, Nebraska 68179.

2. Mobley is of the age of majority and a citizen of Louisiana and may be served at 372 Jordan Ferry Road, Coushatta, LA 71019. At times material to this lawsuit, Mobley was an employee of Defiance acting within the course and scope of his employment.

3. Defiance is a Louisiana Limited Liability Company with its principal place of business located at 415 Texas Street Suite #400, Shreveport, LA 71101. Defiance may be served by delivering process to its registered agent: Chad Garland, 900 Pierremont Road, Suite 120, Shreveport, LA 71106.

4. Defiance owned the 2018 Kenworth tractor that Mobley was operating on October 6, 2022, identified as VIN 1XKZD49X4JJ213066, when this collision occurred.

## JURISDICTION AND VENUE

5. Paragraphs 1 through 5 are incorporated as though fully set forth herein.

6. At present, Union Pacific has incurred damages totaling not less than TWO MILLION EIGHT HUNDRED EIGHTY-FOUR THOUSAND and 00/100 ($2,884,000.00). Consequently, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. This case arises out of a collision involving Union Pacific's locomotive and a tractor-trailer owned by Defiance and driven by Mobley that occurred in DeSoto Parish, Louisiana. Therefore, the Court may exercise personal jurisdiction over the Defendants.

8. Venue for this action is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and/or (2) because Defendants reside in the District and/or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. Paragraphs 1 through 9 are incorporated as though fully set forth herein.

10. On October 6, 2022, Mobley was operating a 2018 Kenworth tractor identified as VIN 1XKZD49X4JJ213066 bearing Louisiana Plate P270795 pulling a two-axled tanker trailer identified as VIN 1G9VT422BJH015115 bearing Louisiana plate J572545 westbound on Kalmbach Road in DeSoto Parish, Louisiana, east of LA 5. At the time of the collision, Mobley was attempting to cross a single railroad track.

11. Mobley was acting within the course and scope of his employment for Defiance at all times

material to this lawsuit. Specifically, Mobley was acting within the course and scope of his employment at all times on October 6, 2022, when he was driving the tractor-trailer involved in this collision.

12. Union Pacific owns and operates a line of rail identified as the Lufkin Subdivision.

13. Relevant here, the Lufkin Subdivision runs essentially in a northeast/southwest direction in Desoto Parish near LA-5.

14. At MP 206.25, Union Pacific's Lufkin Subdivision intersects at-grade with Kalmbach Road. This public highway-rail grade crossing is designated as DOT Crossing Number 755966C ("Crossing").

15. At approximately 8:36 a.m. on October 6, 2022, Mobley was traveling westbound on Kalmbach Road in its approach to the Crossing.

16. At the same time, a freight train designated as MNPEW 03 consisting of 4 locomotives and 68 mixed freight cars was being operated by a Union Pacific employed crew in a southwesterly direction on Union Pacific's Lufkin Subdivision traveling at 38 mph with Union Pacific Locomotive Unit 8639 in the lead position (Lead Locomotive).

17. As the Lead Locomotive approached the Crossing, its headlight and ditch lights were illuminated, its bell was ringing, and the engineer sounded its horn.

18. Without stopping or ensuring that the way was clear, Defendant Mobley drove the 2018 Kenworth tractor, identified as VIN 1XKZD49X4JJ213066 bearing Louisiana license plate P270795, and the two-axled tanker trailer, identified as VIN 1G9VT422BJH015115 bearing Louisiana license plate J572545, he was pulling, into the Crossing directly in front of UP Train MNPEW 03 and the Lead Locomotive.

19. The Lead Locomotive collided with the tractor-trailer being operated by Mobley.

3

20. As a result of the collision, four Union Pacific's locomotives and approximately thirteen railcars derailed and were damaged requiring repairs.

21. As a result of the collision, the four locomotives that derailed were taken out of service requiring Union Pacific to incur costs for substitute horsepower hours—i.e. locomotive downtime.

22. As a result of the collision, Union Pacific incurred crew replacement costs and lost manpower hours.

23. As a result of the collision, hazardous material remediation was necessary and was completed at and near the Crossing and derailment site.

24. As a result of the collision, Union Pacific's Lufkin Subdivision track structure and property sustained damages requiring repair.

25. As a result of the collision, Union Pacific's Lufkin Subdivision was taken out of service resulting in train and service delays.

26. As a result of the collision, Union Pacific sustained loss and interruption of its exclusive ownership rights including loss of use.

## NEGLIGENCE

27. The Highway Regulatory Act – La. R.S. 32:1 *et. seq.* – and particularly, Subpart f.—La. R.S. 32:168 *et. seq.*—consists of legislatively imposed standards of conduct defining the reasonable conduct expected of Defendants in the operation of motor vehicles on Louisiana roadways particularly in approach of and in encountering highway-rail grade crossings such as this Crossing.

28. The October 6, 2022, at-grade crossing collision described above was solely and exclusively caused by the gross fault, negligence, and Defendants' breach of duties

imposed by The Louisiana Highway Regulatory Act, and other legally culpable conduct of Defendants in the following non-exclusive particulars:

a. In violating La. R.S. 32:171(A)

b. In violating La. R.S. 32:171(B);

c. In violating La. R.S. 32:171(E);

d. In violating La. R.S. 32:174

e. In violating La. R.S. 32:175;

f. In failing to maintain a proper lookout;

g. In failing to maintain proper control over the Tractor-Trailer;

h. In failing to see what he could have seen in the exercise of due regard for safety and incompliance with the Federal Motor Carrier Laws;

i. In driving while inattentive and/or distracted;

j. In failing to operate the Tractor-Trailer in a reasonable and safe manner;

k. In failing to comply with the duties established by the Louisiana Commercial Driver's Manual while operating a vehicle on Louisiana Roadways;

l. In failing to comply with the duties set forth by the Federal Motor Carrier Safety Administration for the safe operation of commercial haul vehicles operated on public roadways;

m. In failing to adequately train its employees and drivers on proper safety procedures and safe operation of commercial haul vehicles in approach of grade crossings;

n. In interfering with Union Pacific's right of ownership by causing damage to its locomotives, railcars, track, and property in violation of Louisiana Civil Code art. 2315.

    o. In such other particulars as may be determined in the course of discovery and proven at the trial.

29. The harm suffered by Union Pacific is the kind of harm the Louisiana Highway Regulatory Act was intended to prevent. Union Pacific, and the harm it suffered as a consequence of Defendants' acts and omissions, is within the Scope of Protection created by said duties.

30. The code of federal regulations consists of statutory standards of conduct defining the reasonable conduct expected of Defendants.

31. At the time of the incident, Defendants violated the Federal Motor Carrier Standards, including, but not limited to, 49 CFR 392.11.

32. The acts and omissions of Defendants constitute a breach of duty, and in turn, negligence or legal fault and were a legal cause of the incident in question and the harm sustained to and by Union Pacific's locomotives, railcars, track, and property

33. Union Pacific, as the owner of the locomotives, track, and property sustained civil damages as a consequence of the October 6, 2022 collision including but not limited to the following:

    a. Loss of use of its locomotives;

    b. Loss of use of the track and crossing;

    c. Loss of use of its workforce;

    d. Repair and replacement costs of locomotives, track, and railcars;

    e. Delay damages;

    f. Materials necessary to repair and replace its damaged track;

    g. Labor costs necessitated and required to restore its peaceable possession and ownership rights over its locomotives, track, and property.

    h. Labor costs associated with recrewing its locomotives;

      i. Hazmat remediation and clean-up costs;

      j. Any and all other items of monetary civil damages to which it is entitled and which are borne out during discovery and proven at trial.

34. As a common carrier by rail, Union Pacific is responsible for the repair of the damages sustained by the railcars involved in the October 6, 2022 grade crossing collision and subsequent derailment.

35. Mobley's unreasonable acts, omissions, and legal fault, and in turn negligence, is imputed to Defiance because he was an employee acting in the course and scope of his employment with Defiance, and therefore, Defiance is vicariously liable for the October 6, 2022 grade crossing collision under the doctrine of *respondeat superior*.

36. Union Pacific made amicable demand for recovery of its damages. Amicable demand was not accepted thus necessitating this action.

## DEMAND FOR JURY TRIAL

37. Union Pacific demands trial by jury on all issues.

## REQUEST FOR RELIEF

For the foregoing reasons, Union Pacific respectfully requests the Court enter a judgment in its favor and against Defendants for its damages totaling not less than TWO MILLION EIGHT HUNDRED EIGHTY-FOUR THOUSAND and 00/100 ($2,884,000.00), pre- and post-judgment interest as allowed by law, costs incurred in prosecuting this action, and such other reasonable sums as this Court deems just and equitable.

BRADLEY MURCHISON KELLY & SHEA, LLC

/s/ Brad R. Belsome
BRADLEY R. BELSOME (#27958)

          CRYSTAL E. DOMREIS (#31716)
          ASHLEY G. GABLE (#35783)
          CHRISTOPER R. HANDY (#38768)
          1100 Poydras Street, Suite 2700
          New Orleans, Louisiana 70163
          Facsimile: (504) 596-6309
          bbelsome@bradleyfirm.com
          cdomreis@bradleyfinn.com
          agable@bradleyfirm.com
          chandy@bradleyfirm.com

## CERTIFICATE OF SERVICE

I certify that I connection with filing the foregoing, I have completed a service waiver request and have mailed same to the registered agent for service for Defendant, Defiance Energy Services, LLC., and personally to Defendant Larry W. Mobley on this 2nd day of October 2023.

          /s/ Brad R. Belsome
          Bradley R. Belsome (La Bar # 27958)